UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNION INSURANCE COMPANY                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:08cv693 DPJ-JCS

KIMBERLY NUNNERY, ET AL.                                                 DEFENDANTS

ORDER

This declaratory judgment action is before the Court on Defendant Kimberly Nunnery's motion to dismiss Plaintiff's First Amended Complaint [11] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Both parties have submitted memoranda of authorities, although Defendant Nunnery declined to file a timely reply. The Court, having considered the parties' submissions and relevant authorities, finds that Defendant Nunnery's motion should be denied.

I.    **Facts and Procedural History**

Plaintiff Union Insurance Company ("Union") issued a commercial general liability insurance policy to Defendant Sarbinder Pannu, doing business as A&H Food Mart, effective June 30, 2008, through June 30, 2009. Under the policy, Union has a duty to defend Pannu and provide indemnity for events qualifying as "occurrences" under the policy's terms. On August 17, 2008, James Hawthorne was fatally injured by Pannu on the premises of A&H Food Mart. Defendant Kimberly Nunnery filed an action against Pannu on August 29, 2008, in the Circuit Court of Hinds County, Mississippi, seeking damages on behalf of herself and others for the wrongful death of James Hawthorne. In her state court complaint, Nunnery alleges that

---

[1] Defendant Nunnery previously filed a motion to dismiss the original complaint [7] which is now deemed moot.

"Defendant, Sarbrinder Pennu, fired three (3) shots from a handgun to the body of James Hawthorne, deceased." Amended Complaint ¶ 16. Although Nunnery twice amended the state court complaint, she never named Union as a party.

In November 2008, Union filed this action seeking a declaration of the rights and liabilities of the parties under the policy of insurance issued to Pannu. Union contends that it has no duty to defend Pannu, because he is not afforded coverage under the policy based on the facts alleged by Nunnery in the state court action. Defendant Nunnery has filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is now ripe for decision.

**II.     Analysis**

    A.     <u>Motion to Dismiss Standard</u>

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)

(internal quotations and citation omitted).

B.  Defendant's Motion to Dismiss

Defendant contends that Union fails to state a claim for relief "because there is a pending state court proceeding in which Plaintiff's defense and/or indemnity obligations under Defendant Pannu's insurance policy are currently being litigated." Defendant's Memo. [12] at 2. Union's complaint at least states a cognizable cause of action. Nevertheless, the focus of Defendant Nunnery's motion is that the Court should dismiss on abstention grounds.

"[T]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 289.

When determining whether to adjudicate a declaratory judgment action, a district court should ask "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (reversing dismissal on abstention grounds) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000)); *see also Allstate Ins. Co. v. Melton*, 482 F. Supp. 2d 775, 779 (S.D. Miss. 2007). Because the first inquiry is not disputed, the Court will focus on the final two.[2]

---

[2]Nunnery could not have successfully contested justiciability. *See AXA Re Property & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 319 (5th Cir. 2006) (finding that the issue of whether an insurance "policy provides coverage presents a live controversy").

Starting with the Court's authority to grant the requested relief, there are three additional considerations. A district court should not reach the merits of a declaratory judgment when "1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." *Travelers Ins Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993). In this case, the Court has authority because "[d]iversity jurisdiction [is] present and the Anti-Injunction Act [does] not apply because there [is] no pending state court action between [Union] and any of the declaratory judgment defendants." *Sherwin-Williams*, 343 F.3d 387-88 (finding district court had authority to consider declaratory judgment). Defendant Nunnery nevertheless makes two arguments relevant to this second *Orix* inquiry, contending first that Pannu's Fifth Defenses in his answer squarely placed the coverage issue before the circuit court, and second that Pannu's intent is the central issue in both cases.

As written, Pannu's Fifth Defense states in relevant part that "if the damages, or any part thereof claimed by Plaintiffs in the Amended Complaint *have been paid* or provided by any person, corporation or party . . . which holds any rights of subrogation, assignment, loan receipt or lienholder interest therefor as a result of such payment(s), then . . . any such . . . parties . . . must be joined as a party needed for just adjudication herein." (Emphasis added). Clearly, the defense is limited to those who have already paid Nunnery and hold liens or other rights to subrogation, which would not apply to Union. Defendant Nunnery argues, however, that the defense applies to "any insurer who has paid or provided all or part of *(or who will pay or will be required to pay all or part of)* Defendant Nunnery's claimed damages . . ." Memorandum at 3

4

(emphasis added). The parenthetical Nunnery added alters the effect of the defense which otherwise fails to place the coverage issue before the circuit court.

Even if Pannu's Fifth Defense was intended to encompass Union, which is not apparent, there is no dispute that Nunnery never joined Union to her state court action despite several amendments to the complaint. *See Sherwin-Williams Co.*, 343 F.3d at 387-88 (holding that district court had authority where declaratory judgment action plaintiff was not a party to state court proceedings with any of the declaratory judgement defendants).[3] Accordingly, even if Pannu's intent is an issue in both cases, Union's rights with respect to Pannu and the policy are not at issue in the state court, and this Court has authority to consider the merits of the declaratory judgment action. *Id.; see also Burlington Ins. Co v. Puri*, 436 F. Supp. 2d 832, 835 (S.D. Miss. 2006).

Although the authority to hear this case exists, the Court must still consider whether it should. Thus, the final *Orix* step requires consideration of the seven non-exclusive factors announced by the Fifth Circuit in *St. Paul Insurance Co. v. Trejo*:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

---

[3]This fact also distinguishes the only authority Defendant Nunnery cites in support of her abstention argument. *See Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571 (5th Cir. 1992). It is also worth noting that *Magnolia Marine* was decided before *Wilton* and *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), discussed *infra*.

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

39 F.3d at 590-91. These considerations have been generally grouped into considerations of federalism/comity, fairness, and efficiency. *See Sherwin-Williams Co.*, 343 F.3d at 390-91.

First, comity does not require abstention because there is no "pending state action in which all of the matters in controversy may be fully litigated." *Trejo*, 39 F.3d at 590. The central issue in this action is whether Union's policy covers Pannu. That is not the issue before the state court. *See Sherwin-Williams Co.*, 343 F.3d at 390-91 (directing court to consider whether state action "involv[ed] the same state law issues."). Likewise, absent a state court claim against Union, there is no pending "parallel state suit between the same parties." *Trejo*, 39, F.3d at 591. Finally, this Court has not been called to "construe a state judicial decree involving the same parties." *Id*.

Second, there are no issues related to fairness in the selection of the forum. There is a difference "between legitimate and improper reasons for forum selection." *Sherwin-Williams Co.*, 343 F.3d at 391. Union sought declaratory judgment on an insurance coverage issue. In doing so, Union did not change the law that would apply, *id.* at 399, and it invoked "standard diversity jurisdiction to resolve issues traditionally resolved in declaratory judgment actions." *Id*. at 398 (citation omitted). Plus, by the time Union filed this action, Defendant Nunnery had already twice amended her state court complaint without naming Union. Under those facts, the

6

Court finds that Union did not file in anticipation of suit, engage in improper forum shopping, or gain an inequity related to precedence in time or forums. *See Sherwin-Williams Co.*, 343 F.3d at 389 ("Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'").

Finally, the Court's interest in efficiency likewise fails to suggest the need for abstention. This Court sits in the same county as the state court proceedings and is therefore equally convenient for witnesses and the parties. *Trejo*, 39 F.3d at 590. In addition, the coverage issues have not been presented in state court, nor could they be adjudicated without Union's presence, and therefore efficiency supports determining the parties' rights under the policy.

For these reasons, the Court concludes that it has the authority to decide the declaratory judgment action under the *Orix* factors and that it should retain jurisdiction for the reasons stated in *Trejo*. Defendant Nunnery's motion to dismiss is denied.[4]

**SO ORDERED AND ADJUDGED** this the 19th day of May, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[4]The Court notes that Defendant Nunnery also makes a generic argument that coverage does not exist under the policy. There is little to no analysis of this issue offered in her submission, and the issue is not therefore adequately addressed to warrant consideration at this time. However, the Court notes that another defendant has filed a motion for summary judgment that more squarely addresses the coverage issues.