UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNION INSURANCE COMPANY                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:08cv693-DPJ-JCS

KIMBERLY NUNNERY, ET AL.                                                                DEFENDANTS

ORDER

This declaratory judgment action is before the Court on the motion for summary judgment [14] filed by Defendant Sarbinder Singh Pannu d/b/a A&H Food Mart (Pannu). Plaintiff Union Insurance Company (Union) has responded, and the docket does not reflect a reply and the time to file a reply has now expired. The Court, having fully considered the parties' submissions and the applicable authority, finds that Defendant's motion should be denied.

I.   Facts/Procedural History

Union issued General Liability Policy No. 4277463-11 to Defendant on June 30, 2008. The policy, like most, covered "'bodily injury' . . . caused by an 'occurrence.'" *See* Union policy, Commercial General Liability Coverage Form, Section I, Coverage A, ¶ 1(b)(1), attached to Plaintiff's Amended Complaint as Exhibit "A." "Occurrence" is defined as "an accident." *Id*. Section V, ¶ 13.

According to Pannu's motion, an "occurrence" transpired when

> on the night of August 17, 2008, at approximately 9:00 p.m., James Hawthorne entered J&S Food Mart, which is located on the corner of Northside Drive and Medgar Evers Boulevard in Jackson, Mississippi. Mr. Hawthorne, who had previously stolen merchandise from J&S Food Mart, made threatening remarks to Defendant Singh Pannu on the night of August 17th as he exited the store, and again attempted to steal merchandise from the store. In an effort to disable Mr. Hawthorne's car and stop him from fleeing the crime scene, Mr. Pannu shot his

gun several times in the direction of Mr. Hawthorne's car. Mr. Pannu did not
expect or intend for the bullets to strike Mr. Hawthorne.

Defendant's Motion at 1-2.[1]  Pannu's intended target aside, there is no dispute that one or more of the bullets struck and killed Mr. Hawthorne.

As a result of the shooting, Hawthorne's wrongful death beneficiaries sued Defendant in state court. The amended complaint in that case alleges that Pannu "fired at least three (3) shots from a handgun to the body of James Hawthorne." Amended Complaint, attached as Exh. "B" to Nunnery Motion to Dismiss [7] ¶ 14. The complaint continues that Pannu followed Hawthorne as he attempted to flee and "fired at least another shot to the body of James Hawthorne, fatally injuring him." *Id*. ¶ 16.

On November 12, 2008, Union filed this declaratory judgment action claiming that its policy provided no coverage for the incident. Defendant has now moved for summary judgment claiming that, as a matter of law, the shooting was an "occurrence." Union has responded arguing that Defendant failed to properly support his motion and that more discovery is necessary under Rule 56(f).

II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient

---

[1]Defendant offers nothing but the argument of his attorney to support these allegations, but even assuming their truth, the facts would not support summary judgment.

2

showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. However, there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* Whether or not the motion is supported by affidavits or otherwise, "the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

III.	Analysis

Defendant asserts that the shooting was an "occurrence" as defined in the policy. He filed no memorandum of law, and his motion relies almost exclusively on the Mississippi Supreme Court's ruling in *Farm Bureau v. Allard*, 611 So. 2d 966 (Miss. 1992). In that case, a insured (Allard) found himself in a heated argument with his brother-in-law and fired his shotgun in the direction of the other man's foot. According to the insured, he "fired the shot in order to bring [his brother-in-law] Rowland to his senses and that Rowland stepped forward into the line of fire." *Id*. at 968. The issue in *Allard* was whether an intentional acts exclusion in the policy precluded coverage. The court held that based on the insured's knowledge of guns, the "facts of this shooting created a *question for the jury* as to whether or not Allard intentionally shot Rowland in the foot." *Id*. at 968-69 (emphasis added).

*Allard* is clearly distinguishable, but even a most generous reading in Defendant's favor would not support his motion. First, if *Allard* applies to the facts as alleged by Defendant's counsel, a jury question would exist and therefore preclude summary judgment. Second, Defendant failed to offer any record evidence supporting his assertions. While the absence of such evidence is not necessarily fatal under Rule 56(c), it will be if the record fails to demonstrate "that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Celotex*, 477 U.S. at 323. Nothing in this record supports finding, as a matter of law, that shooting a man three or four times constitutes an "occurrence" as defined in the policy.

IV	Conclusion

For the reasons stated above, Defendant's motion for summary judgment is denied.

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2009.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE